
UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>         Plaintiff,<br><br>   v.<br><br>CECILIO DAGNINO (1),<br><br>         Defendant. | Case No. 16cr1435-CAB<br><br>PRELIMINARY ORDER<br>OF CRIMINAL FORFEITURE |

WHEREAS, in the Superseding Indictment in this case, the United States sought forfeiture of all property constituting, or derived from, any proceeds obtained, directly or indirectly, as the result of the offenses, and all property used or intended to be used in any manner or part to commit and to facilitate the commission of the violations charged in the Superseding Indictment pursuant to 21 U.S.C. § 853, 18 U.S.C. § 924(d)(1), and 28 U.S.C. § 2461(c); and

WHEREAS, pursuant to the terms of the Plea Agreement and Forfeiture Addendum between the parties, the Defendant consented to the forfeiture of all right, title and interest in all properties seized in connection with this case which were proceeds of or properties used to facilitate the commission of the violations of 21 U.S.C. §§ 841(a)(1) and 846, as charged in Count 7 of the Superseding Indictment to which the Defendant entered a guilty plea; and

//

WHEREAS, on or about March 16, 2017, the Defendant pled guilty before this Court to Count 7 of the Superseding Indictment, which plea included forfeiture of all property constituting or derived from proceeds of the offense and forfeiture of all property used or intended to be used to commit or to facilitate the commission of the offense, including, but not limited to forfeiture of the following:

a) **$16,044.00 in U.S. Currency;**
b) **Fabrica D'Armi Fratelli Pietta Black Powder .44 caliber Revolver, Serial No. 550858;**
c) **Walther PPK/S .22LR caliber semi-automatic pistol, Serial No. 136563;**
d) **Phoenix Arms Raven .25 caliber semi-automatic pistol, OBLITERATED serial number;**
e) **Kodiak Ind. Inc. Patriot .45 caliber semi-automatic pistol, Serial No. M008484;**
f) **RG Inc. Model 26 .25 caliber semi-automatic pistol Serial No. U035453;**
g) **Calwestco Inc. Model J25 semi-automatic pistol, Serial No. 004074;**
h) **Raven Arms semi-automatic .25 pistol, Model MP-25, Serial No. 1850193;**
i) **One (1) semi-automatic handgun magazine with 9 rounds of ammunition;**
j) **Twenty (20) rounds for .45 caliber magazine;**
k) **One (1) magazine;**
l) **Six (6) rounds of ammunition with holder;**
m) **Three (3) rounds of ammunition;**
n) **One (1) box containing Remington .380 automatic rounds;**
o) **Forty-three (43) .22 caliber rounds of ammunition; and**
p) **Two (2) magazines; and**

WHEREAS, by virtue of the facts set forth in the Plea Agreement and Forfeiture Addendum, the United States has established the requisite nexus between the forfeited properties and the offense of conviction; and

2

16cr1435

1  WHEREAS, by virtue of Defendant's factual admissions and guilty plea to Count 7 of the Superseding Indictment, said properties are hereby ordered forfeited to the United States, and it is now entitled to possession of said properties, pursuant to 21 U.S.C. § 853, 18 U.S.C. § 924(d)(1) and 28 U.S.C. § 2461(c); and

WHEREAS, pursuant to Rule 32.2(b), the United States having requested the authority to take custody of the following properties which are hereby found forfeitable by the Court, namely:

- a) **$16,044.00 in U.S. Currency;**
- b) **Fabrica D'Armi Fratelli Pietta Black Powder .44 caliber Revolver, Serial No. 550858;**
- c) **Walther PPK/S .22LR caliber semi-automatic pistol, Serial No. 136563;**
- d) **Phoenix Arms Raven .25 caliber semi-automatic pistol, OBLITERATED serial number;**
- e) **Kodiak Ind. Inc. Patriot .45 caliber semi-automatic pistol, Serial No. M008484;**
- f) **RG Inc. Model 26 .25 caliber semi-automatic pistol Serial No. U035453;**
- g) **Calwestco Inc. Model J25 semi-automatic pistol, Serial No. 004074;**
- h) **Raven Arms semi-automatic .25 pistol, Model MP-25, Serial No. 1850193;**
- i) **One (1) semi-automatic handgun magazine with 9 rounds of ammunition;**
- j) **Twenty (20) rounds for .45 caliber magazine;**
- k) **One (1) magazine;**
- l) **Six (6) rounds of ammunition with holder;**
- m) **Three (3) rounds of ammunition;**
- n) **One (1) box containing Remington .380 automatic rounds;**
- o) **Forty-three (43) .22 caliber rounds of ammunition; and**
- p) **Two (2) magazines; and**

//

3

16cr1435

WHEREAS, the United States, having submitted the Order herein to the Defendant through his attorney of record to review, and no objections having been received.

Accordingly, IT IS HEREBY ORDERED, ADJUDGED AND DECREED:

1. Based upon the factual admissions of the Defendant and his guilty plea, the United States is hereby authorized to take custody and control of the following properties, and the Defendant has hereby forfeited to the United States all of his right, title, and interest to said properties pursuant to 21 U.S.C. § 853 for disposition in accordance with the law, subject to the provisions of 21 U.S.C. § 853(n):

a) **$16,044.00 in U.S. Currency;**
b) **Fabrica D'Armi Fratelli Pietta Black Powder .44 caliber Revolver, Serial No. 550858;**
c) **Walther PPK/S .22LR caliber semi-automatic pistol, Serial No. 136563;**
d) **Phoenix Arms Raven .25 caliber semi-automatic pistol, OBLITERATED serial number;**
e) **Kodiak Ind. Inc. Patriot .45 caliber semi-automatic pistol, Serial No. M008484;**
f) **RG Inc. Model 26 .25 caliber semi-automatic pistol Serial No. U035453;**
g) **Calwestco Inc. Model J25 semi-automatic pistol, Serial No. 004074;**
h) **Raven Arms semi-automatic .25 pistol, Model MP-25, Serial No. 1850193;**
i) **One (1) semi-automatic handgun magazine with 9 rounds of ammunition;**
j) **Twenty (20) rounds for .45 caliber magazine;**
k) **One (1) magazine;**
l) **Six (6) rounds of ammunition with holder;**
m) **Three (3) rounds of ammunition;**
n) **One (1) box containing Remington .380 automatic rounds;**
o) **Forty-three (43) .22 caliber rounds of ammunition; and**
p) **Two (2) magazines.**

2. The aforementioned forfeited assets are to be held by the Federal Bureau of Investigation ("FBI") or the United States Marshal Service ("USMS") in its secure custody and control.

3. Pursuant to Rule 32.2(b) and (c), the United States is hereby authorized to begin proceedings consistent with any statutory requirements pertaining to ancillary hearings and rights of third parties. The Court shall conduct ancillary proceedings as the Court deems appropriate only upon the receipt of timely third-party petitions filed with the Court and served upon the United States. The Court may determine any petition without the need for further hearings upon the receipt of the Government's response to any petition. The Court may enter an amended order without further notice to the parties.

4. Pursuant to the Attorney General's authority under Section 853(n)(1) of Title 21, United States Code, Rule 32.2(b)(6), Fed. R. Crim. P., and Rule G(4) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, the United States forthwith shall publish for thirty (30) consecutive days on the Government's forfeiture website, www.forfeiture.gov, notice of this Order, notice of the United States' intent to dispose of the properties in such manner as the Attorney General may direct, and notice that any person, other than the Defendant, having or claiming a legal interest in the above-listed forfeited properties must file a petition with the Court within thirty (30) days of the final publication of notice or of receipt of actual notice, whichever is earlier.

5. This notice shall state that the petition shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the property, shall be signed by the petitioner under penalty of perjury, and shall set forth the nature and extent of the petitioner's right, title or interest in the forfeited property and any additional facts supporting the petitioner's claim and the relief sought.

6. The United States shall also, to the extent practicable, provide direct written notice to any person known to have alleged an interest in the properties that is the subject of the Preliminary Order of Criminal Forfeiture.

//

5

16cr1435

7. Upon adjudication of all third-party interests, this Court will enter an Amended Order of Criminal Forfeiture pursuant to 21 U.S.C. § 853(n), in which all interests will be addressed.

8. Pursuant to Rule 32.2(b)(4), this Order of Criminal Forfeiture shall be made final as to the Defendant at the time of sentencing and is part of the sentence and included in the judgment.

DATED: 4/21/17

Hon. CATHY ANN BENCIVENGO
United States District Judge